1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       EASTERN DISTRICT OF CALIFORNIA
10                                ----oo0oo----
11   KOLE MCADAMS,
                                             NO. CIV. S-08-0131 WBS KJM
12             Plaintiff,

13                                           ORDER RE: MOTION TO DISMISS
        v.
14
     JESSICA DUNN, and DOES 1
15   through 50, inclusive,

16             Defendants.

17
18                                ----oo0oo----
19             Defendant moves, pursuant to Federal Rule of Civil
20   Procedure 12(b)(6), to dismiss plaintiff's complaint alleging
21   causes of action for common law fraud and breach of contract
22   arising from the purchase of real property.
23   I.   Factual and Procedural Background
24             On August 13, 2005, plaintiff and defendant purportedly
25   entered into a purchase agreement with respect to real property
26   located at 1572 52nd Street in Sacramento, California.  (Pl.'s
27   Mem. in Opp'n to Def.'s Mot. to Dismiss 2:4-5.)  While conducting
28   a subsequent inspection, plaintiff asserts that she learned of

                                    1

defendant's failure to provide full disclosure of all the defects associated with the property. (Id. at 2:7-8.)

On December 28, 2006, plaintiff filed a Form Complaint in the Superior Court of Sacramento County alleging causes of action for fraud and breach of contract against defendant. (Compl. 1-2, 4-6.) The copy of the Complaint served on defendant does not, however, provide any factual assertions demonstrating fraud[1] or the alleged breach. (Id. at 6.) Rather, the Complaint merely references the existence of several attachments--purportedly containing the requisite facts in support of plaintiff's proffered causes of action--none of which were included in defendant's copy. (E.g., id. at 4 (checked box asserting presence of material facts "as stated in Attachment FR-2.a"); see also Def.'s Mem. in Supp. of Mot. to Dismiss 3:9-10 ("[S]everal attachments are referenced in the Complaint but were not attached in the copy that was served upon [defendant].").) Defendant also independently retrieved a copy of the Complaint from the Superior Court only to discover that it too was missing the referenced attachments. (Def.'s Mem. in Supp. of Mot. to Dismiss 3 n.2.)

On January 18, 2008, pursuant to 28 U.S.C. § 1441(b), defendant removed the case to this court based on diversity jurisdiction, 28 U.S.C. § 1332. (Def.'s Notice of Removal ¶ 1.)

---

[1] Plaintiff's cause of action for fraud is apparently based on allegations pertaining to defendant's intentional or negligent misrepresentation, concealment, and promise without intent to perform. (Id. at 4-6.) The specific allegations are unclear because, while the boxes required to be checked in order to allege these additional causes of action are not marked on the Form Complaint, some of their listed elements are marked. (Id.)

2

Citing the complete lack of factual allegations, defendant moves to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

II. Discussion

A court must dismiss a claim under Rule 12(b)(6) if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 127 S. Ct. 1955, 1960 (2007). Therefore, a 12(b)(6) motion to dismiss evaluates "the formal sufficiency of the statement of claim for relief." Fednav Ltd. v. Sterling, Int'l, 572 F. Supp. 1268, 1270 (N.D. Cal. 1983).

With respect to plaintiff's breach of contract claim, defendant's motion to dismiss "tests plaintiff's compliance with the liberal requirements of Rule 8." Provencio v. Armor Holdings, Inc., No. 07-0651, 2007 WL 2814650, at *1 (E.D. Cal. Sept. 25, 2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint . . . does not need detailed factual allegations, [Rule 8(a)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted).

Absent the missing attachments, plaintiff's allegations amount to mere checked, unadorned boxes on a form complaint constituting the formulaic elements of a cause of action for breach of contract. Because this end product fails to allege any facts and relies purely on "labels and conclusions," it cannot

3

satisfy even the liberal pleading requirements of Rule 8(a).  <u>Id.</u>

Given plaintiff's inability to satisfy his pleading burden under Rule 8, the same factual insufficiency certainly will not meet the particularity standard that is required to substantiate his cause of action for fraud.  Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under this standard, the alleging party must "state[] the time, place and nature of the alleged fraudulent activities."  <u>Semegen v. Weidner</u>, 780 F.2d 727, 735 (9th Cir. 1985).  "Mere conclusory allegations of fraud are insufficient."  <u>Moore v. Kayport Package Express</u>, 885 F.2d 531, 540 (9th Cir. 1989).  Thus, because the Complaint does not assert the requisite facts constituting fraud, the remaining conclusory allegations of fraud cannot satisfy the Rule 9(b) standard.  <u>Id.</u>

In his opposition to the instant motion, plaintiff states that "the missing [attachments] do in fact exist and will be provided by a certified copy attached to a supplemental declaration to be filed on February [20], 2008."  (Pl.'s Opp'n to Mot. to Dismiss 4:3-4.)  Nonetheless, this proposed action would effectively deprive defendant of her right to be served with a cognizable complaint that provides sufficient notice of the claims against her in order to provide a defense.  <u>See</u> <u>Von Poppenheim v. Portland Boxing and Wrestling Comm'n</u>, 442 F.2d 1047, 1049 (9th Cir. 1971) (plaintiff's complaint must "advise defendants sufficiently of the basis of [plaintiff's] claim or the facts upon which he was relying to enable [defendants] to prepare an appropriate defense").

Specifically, plaintiff's suggested method of simply appending the missing attachments as a declaration exhibit supplementing his opposition to defendant's motion to dismiss does not constitute a proper filing or serving of the Complaint on defendant. See Tercica, Inc. v. Insmed Inc., No. 05-5027, 2006 WL 1626930, at *6, *11 (N.D. Cal. June 9, 2006) (denying consideration of the plaintiff's declaration exhibits filed concurrent with his opposition to defendant's 12(b)(6) motion "as these documents cannot be used to supplement the First Amended Complaint"). Moreover, submitting the certified copies after defendant has already filed her motion to dismiss and just two weeks prior to this motion's scheduled oral argument hearing can hardly be said to constitute fair notice with which to enable defendant's preparation of an appropriate defense. Von Poppenheim, 442 F.2d at 1049.

Accordingly, the court must grant defendant's motion to dismiss plaintiff's Complaint. However, because plaintiff can presumably cure his Complaint through addition of the referenced attachments, this court will grant defendant's motion to dismiss without prejudice.[2] See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint [can] not be saved by amendment.").

---

[2] To this end, the court construes plaintiff's opposition to defendant's motion to dismiss as an implicit request to amend his Complaint. Rule 15(a) permits a plaintiff to freely amend a complaint once as a matter of right before an answer is served, as is the case here. Fed. R. Civ. P. 15(a). However, the court makes no assessment of the legal viability of the Complaint with the attachments at this time.

5

1          IT IS THEREFORE ORDERED that defendant's motion to
2    dismiss plaintiff's Complaint be, and the same hereby is,
3    GRANTED.
4          Plaintiff is given 30 days from the date of this order
5    to file an amended complaint consistent with this order.
6    DATED:  February 28, 2008

                    _____
                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE