UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KOLE MCADAMS,

    Plaintiff,

    v.                               NO. CIV. S-08-00131 WBS KJM

JESSICA DUNN and DOES 1-50,

    Defendants.

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

        After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for April 7, 2008, and makes the following findings and orders without needing to consult with the parties any further.

        I.    <u>SERVICE OF PROCESS</u>

        All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).

        II.   <u>JOINDER OF PARTIES/AMENDMENTS</u>

        No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause

having been shown under Fed. R. Civ. P. 16(b).  <u>See</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).

### III.  JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332 (diversity).  Venue is undisputed and is hereby found to be proper.

### IV.  DISCOVERY

Each party will serve the initial disclosures required by Fed. R. Civ. P. 26 (a)(1) by no later than May 7, 2008.

Pursuant to Fed. R. Civ. P. 33(a)(1) and because plaintiff believes that increased interrogatories will decrease the length of or eliminate the need for defendant's deposition testimony, plaintiff is permitted to serve forty interrogatories on defendant.

Plaintiff and defendant shall disclose experts and produce reports in accordance with Fed. R. Civ. P. 26(a)(2) by no later than October 17, 2008.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Fed. R. Civ. P. 26(a)(2) on or before November 21, 2008.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by  January 9, 2009.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be

noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than January 9, 2009.

### V.   MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be filed on or before February 27, 2009.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

### VI.   FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for May 4, 2009 at 2:00 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and

1  (3) the estimated number of trial days.
2           In providing the plain, concise statements of
3  undisputed facts and disputed factual issues contemplated by
4  Local Rule 16-281(b)(3)-(4), the parties shall emphasize the
5  claims that remain at issue, and any remaining affirmatively
6  pled defenses thereto.  If the case is to be tried to a jury,
7  the parties shall also prepare a succinct statement of the case,
8  which is appropriate for the court to read to the jury.
9           VII.  TRIAL SETTING
10          The court trial is set for July 7, 2009, at 9:00 a.m.
11 in Courtroom No. 5.
12          VIII.  SETTLEMENT CONFERENCE
13          A Settlement Conference will be set at the time of the
14 Pretrial Conference.
15          All parties should be prepared to advise the court
16 whether they will stipulate to the trial judge acting as
17 settlement judge and waive disqualification by virtue thereof.
18          Counsel are instructed to have a principal with full
19 settlement authority present at the Settlement Conference or to
20 be fully authorized to settle the matter on any terms.  At least
21 seven calendar days before the Settlement Conference counsel for
22 each party shall submit a confidential Settlement Conference
23 Statement for review by the settlement judge.  If the settlement
24 judge is not the trial judge, the Settlement Conference
25 Statements shall not be filed and will not otherwise be
26 disclosed to the trial judge.
27          IX.  MODIFICATIONS TO SCHEDULING ORDER
28          Any requests to modify the dates or terms of this

Scheduling Order, except requests to change the dates of the final Pretrial Conference or trial, may be heard and decided by the assigned Magistrate Judge.  All requests to change the dates of the Pretrial Conference and/or trial shall be heard and decided only by the undersigned judge.

DATED: April 3, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE